**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

DAVID L. PERRY,

          *Plaintiff,*

    v.

LTD, INC. d/b/a
LUSTINE TOYOTA DODGE, et al.

        *Defendants.*

Civil Action No. 3:14-cv-148-JRS

## DEFENDANT TD AUTO FINANCE LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant TD Auto Finance LLC[1], through its undersigned counsel, files the following

Answer and Affirmative Defenses to Plaintiff's Complaint and states as follows:

### PRELIMINARY STATEMENT

1.    Defendant admits the allegations made in Paragraph 1 that Plaintiff's Complaint

alleges violations of the Fair Credit Reporting Act ("FCRA") and seeks actual, statutory, and

punitive damages, costs, and attorneys' fees, but denies any liability to Plaintiff.

### JURISDICTION

2.    Defendant admits the allegations made in Paragraph 2 that this Court has

jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

### PARTIES

3.    Defendant is without knowledge or information sufficient to form a belief as to

the truth of the allegations made in Paragraph 3 and, therefore, they are deemed denied.

---

[1] Plaintiff has filed a Consent Motion to Amend the Name of Defendant TD Bank, N.A. to TD Auto Finance LLC.  To the extent necessary, TD Bank, N.A., denies all allegations in Plaintiff's Complaint.

4.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 4 and, therefore, they are deemed denied.

5.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 5 and, therefore, they are deemed denied.

6.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 6 and, therefore, they are deemed denied.

7.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 7 and, therefore, they are deemed denied.

8.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 8 and, therefore, they are deemed denied.

9.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 9 and, therefore, they are deemed denied.

10.    Defendant admits that TD Bank, N.A., is a national association that conducts business in the Commonwealth of Virginia and offers financial services to consumers, and that it is a "furnisher" as governed by the FCRA.  Defendant further admits that TD Auto Finance LLC is a wholly owned subsidiary of TD Bank, N.A.  To the extent there are additional allegations in Paragraph 10, those allegations are denied.

11.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 11 and, therefore, they are deemed denied.

**FACTS**

12.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 12 and, therefore, they are deemed denied.

13.    Defendant is without knowledge or information sufficient to form a belief as to

the truth of the allegations made in Paragraph 13 and, therefore, they are deemed denied.

14.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 14 and, therefore, they are deemed denied.

15.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 15 and, therefore, they are deemed denied.

16.     Defendant admits that TransUnion provided it with Plaintiff's credit report on or about March 21, 2013.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations made in Paragraph 16 and, therefore, they are deemed denied.

17.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 17 and, therefore, they are deemed denied.

18.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 18 and, therefore, they are deemed denied.

19.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 19 and, therefore, they are deemed denied.

20.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 20 and, therefore, they are deemed denied.

21.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 21 and, therefore, they are deemed denied.

22.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 22 and, therefore, they are deemed denied.

23.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 23 and, therefore, they are deemed denied.

24.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 24 and, therefore, they are deemed denied.

25.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 25 and, therefore, they are deemed denied.

26.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 26 and, therefore, they are deemed denied.

27.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 27 and, therefore, they are deemed denied.

28.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 28 and, therefore, they are deemed denied.

29.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 29 and, therefore, they are deemed denied.

30.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 30 and, therefore, they are deemed denied.

31.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 31 and, therefore, they are deemed denied.

32.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 32 and, therefore, they are deemed denied.

33.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 33 and, therefore, they are deemed denied.

34.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 34 and, therefore, they are deemed denied.

35.     Defendant is without knowledge or information sufficient to form a belief as to

the truth of the allegations made in Paragraph 35 and, therefore, they are deemed denied.

36.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 36 and, therefore, they are deemed denied.

37.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 37 and, therefore, they are deemed denied.

38.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 38 and, therefore, they are deemed denied.

39.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 39 and, therefore, they are deemed denied.

40.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 40 and, therefore, they are deemed denied.

41.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 41 and, therefore, they are deemed denied.

42.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 42 and, therefore, they are deemed denied.

43.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 43 and, therefore, they are deemed denied.

44.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 44 and, therefore, they are deemed denied.

45.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 45 and, therefore, they are deemed denied.

46.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 46 and, therefore, they are deemed denied.

47.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 47 and, therefore, they are deemed denied.

48.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 48 and, therefore, they are deemed denied.

49.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 49 and, therefore, they are deemed denied.

50.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 50 and, therefore, they are deemed denied.

51.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 51 and, therefore, they are deemed denied.

52.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 52 and, therefore, they are deemed denied.

53.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 53 and, therefore, they are deemed denied.

54.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 54 and, therefore, they are deemed denied.

55.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 55 and, therefore, they are deemed denied.

56.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 56 and, therefore, they are deemed denied.

57.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 57 and, therefore, they are deemed denied.

58.     Defendant is without knowledge or information sufficient to form a belief as to

the truth of the allegations made in Paragraph 58 and, therefore, they are deemed denied.

59.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 59 and, therefore, they are deemed denied.

60.     Defendant denies the allegations made in Paragraph 60.

61.     Defendant denies the allegations made in Paragraph 61.

62.     Upon information and belief, Defendant admits the allegations in Paragraph 62.

63.     Upon information and belief, Defendant admits the allegations in Paragraph 63.

64.     Upon information and belief, Defendant admits the allegations in Paragraph 64.

65.     Defendant denies the allegations made in Paragraph 65.

66.     Defendant denies the allegations made in Paragraph 66.

67.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 67 and, therefore, they are deemed denied.

68.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 68 and, therefore, they are deemed denied.

69.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 69 and, therefore, they are deemed denied.

70.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 70 and, therefore, they are deemed denied.

71.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 71 and, therefore, they are deemed denied.

72.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 72 and, therefore, they are deemed denied.

73.     Defendant is without knowledge or information sufficient to form a belief as to

the truth of the allegations made in Paragraph 73 and, therefore, they are deemed denied.

## COUNT I: Violation of 15 U.S.C. § 1681b(f)
## Defendants Americredit, Lustine, Exeter, Santander, Toyota, Apple, TD Bank, & Wells Fargo

74.     Defendant restates its responses to the preceding paragraphs as if fully set forth herein.

75.     Defendant denies the allegations made in Paragraph 75 as to TD Auto Finance LLC.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations made in Paragraph 75 and, therefore, they are deemed denied.

76.     Defendant denies the allegations made in Paragraph 76 as to TD Auto Finance LLC.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations made in Paragraph 76 and, therefore, they are deemed denied.

77.     Defendant denies the allegations made in Paragraph 77 as to TD Auto Finance LLC.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations made in Paragraph 77 and, therefore, they are deemed denied.

78.     Defendant denies the allegations made in Paragraph 78 as to TD Auto Finance LLC.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations made in Paragraph 78 and, therefore, they are deemed denied.  To the extent that Plaintiff makes allegations in the WHEREFORE clause following Paragraph 78, those allegations are denied as to TD Auto Finance LLC.  Defendant is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations made in the WHEREFORE clause following Paragraph 78 and, therefore, they are deemed denied.

## AFFIRMATIVE DEFENSES

In addition to the affirmative defenses enumerated below, Defendant reserves the right to

assert any additional defenses as may be warranted or as may be revealed by additional information received in discovery.

## FIRST AFFIRMATIVE DEFENSE

Defendant had a permissible purpose to obtain Plaintiff's credit report under 15 U.S.C. § 1681b because it had reason to believe that Plaintiff had applied for a loan and used the information obtained to decide whether to extend Plaintiff credit.

## SECOND AFFIRMATIVE DEFENSE

Any damages suffered by Plaintiff were caused by a third party.  To the extent Plaintiff did not intend to apply for a loan with Defendant even though his name and information were on a loan application submitted to Defendant by a third party dealer, that information was not conveyed to Plaintiff by the third party dealer.

WHEREFORE, Defendant TD Auto Finance LLC moves this Court for an order dismissing Plaintiff's action against it and awarding judgment in its favor and against Plaintiff, and awarding it costs of suit and such other further relief as may be warranted.

Dated:  April 29, 2014                              Respectfully submitted,

/s/  Myra H. Chapman _____
Bryan A. Fratkin (Va. Bar No. 38933)
Myra H. Chapman (Va. Bar No. 81967)
MCGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219
Tel.: (804) 775-1000
Fax: (804) 775-1061
bfratkin@mcguirewoods.com
mchapman@mcguirewoods.com

*Attorneys for Defendant TD Auto Finance LLC*

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on the 29th day of April, 2014, I electronically filed the foregoing document

using the Court's CM/ECF system, which sent notification of such filing to:

> Casey Shannon Nash
> Janelle Mason Mikac
> Matthew James Erausquin
> Consumer Litigation Associates PC
> 1800 Diagonal Rd
> Suite 600
> Alexandria, VA 22314
> Tel:  703-273-7770
> Tel:  703-273-6080
> Fax: 1-888-892-3512
> casey@clalegal.com
> janelle@clalegal.com
> matt@clalegal.com
>
> *Attorneys for Plaintiff*

> By:  /s/  _Myra H. Chapman_____
> Bryan A. Fratkin (Va. Bar No. 38933)
> Myra H. Chapman (Va. Bar No. 81967)
> MCGUIREWOODS LLP
> One James Center
> 901 East Cary Street
> Richmond, Virginia 23219
> Tel.: (804) 775-1000
> Fax: (804) 775-1061
> bfratkin@mcguirewoods.com
> mchapman@mcguirewoods.com
>
> *Attorneys for Defendant TD Auto Finance LLC*