EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| DAVID L. PERRY, | |
| Plaintiff, | |
| v. | Civil Action No. 3:14–CV–148 |
| LTD, INC., *et al.*, | |
| Defendants. | |

## **MEMORANDUM OPINION**

THIS MATTER comes before the Court on a Motion to Transfer (ECF No. 52) filed by Apple Federal Credit Union ("Apple"). Apple argues that this matter should be transferred to the Alexandria Division of the Eastern District of Virginia ("Alexandria Division"). Plaintiff David L. Perry ("Plaintiff") opposes.[1] For the reasons stated below, the Court will GRANT the Motion.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

On March 6, 2014, Plaintiff filed a Complaint alleging that eight Defendants accessed and used his consumer report without a permissible purpose as enumerated in the Fair Credit Reporting Act ("FCRA") at 15 U.S.C. § 1681b(f). On May 13, 2014, Plaintiff amended his Complaint to, among other things, include Apple as a Defendant.

Plaintiff is a natural person residing in Virginia who lives in Woodbridge, Virginia.[2] Defendant LTD, Inc. d/b/a Lustine Toyota Dodge ("Lustine") is a Virginia corporation that regularly conducts business in the Commonwealth of Virginia. Defendant Americredit Consumer Loan Company, Inc. ("Americredit") is a foreign corporation that regularly conducts business in the Commonwealth of Virginia. Defendant Exeter Finance Corporation ("Exeter") is a foreign corporation that regularly conducts business in the Commonwealth of Virginia. Defendant

---

[1] Apple represents that Wells Fargo Bank and Lustine support its motion. None of the other Defendants support the motion.

[2] Plaintiff's residence was divulged in open court.

1

Santander Consumer USA, Inc. ("Santander") is a foreign corporation that regularly conducts business in the Commonwealth of Virginia. Defendant Toyota Motor Credit Corporation ("Toyota") is a foreign corporation that regularly conducts business in the Commonwealth of Virginia. Defendant TD Auto Finance, LLC ("TD Auto") is a limited liability company that regularly conducts business in the Commonwealth of Virginia. Defendant Wells Fargo Bank, National Association ("Wells Fargo") is a national association that regularly conducts business in the Commonwealth of Virginia. Apple is a federally chartered credit union that regularly conducts business in the Commonwealth of Virginia.

Apple's headquarters are reportedly in Fairfax, Virginia, which lies within the boundaries of the Alexandria Division. The Lustine Toyota dealership at issue in this case is located in Woodbridge, Virginia and lies within the boundaries of the Alexandria Division. Defendants Americredit, Exeter, Santander, Toyota, TD Auto, and Wells Fargo are foreign corporations or national associations that do business in Virginia but whose home divisions are not near Richmond. Plaintiffs report that most of the Defendants' registered agents are located in Richmond, Virginia.

Apple reports that Lustine's Rule 26(a)(1) disclosure states that Zachary Perry, who resides in Woodbridge, Virginia attempted to complete the purchase of a car at Lustine from March 21, 2013 through April 7, 2013. (Def.'s Reply Ex. 1). Zachary Perry reportedly applied for credit with Heidi Gomez, who also resides in Woodbridge, by forging documentation using Plaintiff's name.

Apple filed its Motion to Transfer on June 10, 2014. Plaintiff filed his opposition on June 24, 2014. Apple filed its reply on June 30, 2014. This matter is now ripe for review and a hearing was held on July 10, 2014.

## II.    LEGAL STANDARD

Pursuant to 28 U.S.C. § 1404, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division

where it might have been brought." 28 U.S.C. § 1404(a). "The decision whether to transfer an action under the statute is committed to the sound discretion of the district court." *Heinz Kettler GMBH & Co. v. Razor USA, LLC*, 750 F. Supp. 2d 660, 668 (E.D. Va. 2010) (citing *One Beacon Ins. Co. v. JNB Storage Trailer Rental Corp.*, 312 F. Supp. 2d 824, 828 (E.D. Va. 2004)). District courts determining whether to grant a motion to transfer under § 1404(a) to a transferee forum where the action could initially have been brought "typically consider[]: (1) plaintiff's choice of forum, (2) convenience of the parties, (3) witness convenience and access, and (4) the interest of justice." *Id.* (citing *JTH Tax, Inc. v. Lee*, 482 F. Supp. 2d 731, 736 (E.D. Va. 2007)). "The movant bears the burden of showing that transfer is proper." *JTH Tax*, 482 F. Supp. 3d at 736 (citing *Cognitronics Imaging Sys. v. Recognition Research, Inc.*, 83 F. Supp. 2d 689, 696 (E.D. Va. 2000)). "In considering a motion for intra-district transfer, [courts] generally look to the same factors relevant to motions for change of venue under 28 U.S.C. § 1404(a)." *C.T. v. Liberal Sch. Dist.*, No. 06-2093-JWL, 2008 WL 489330, at *1 (D. Kan. Feb. 20, 2008).

### III. ANALYSIS

#### A. Transferee Forum as Initial Forum

Transfer is appropriate in those districts where the plaintiff could have properly filed the action initially. *See Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960). The record indicates, and the parties do not appear to dispute, that this action could have been brought in the Alexandria Division.

#### B. Plaintiff's Choice of Forum

The plaintiff's choice of forum is generally entitled to substantial weight, "which may be overcome only when the private and public interest factors clearly point toward trial in the alternative forum." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981). However, the actual weight given to a plaintiff's choice varies considerably "in proportion to the connection between the forum and the cause of action." *GTE Wireless, Inc. v. Qualcomm, Inc.*, 71 F. Supp. 2d 517, 519 (E.D. Va. 1999). The weight given to the plaintiff's initial choice is diminished when the

3

operative facts of the case have little relation to the chosen forum. *Bd. of Trs. v. Sullivant Ave. Props.*, LLC, 508 F. Supp. 2d 473, 477 (E.D. Va. 2007); *see also GTE Wireless*, 71 F. Supp. 2d at 519 ("When a plaintiff chooses a foreign forum and the cause of action bears little or no relation to that forum, the plaintiff's chosen venue is not entitled to such substantial weight.") (citing *Verosol B.V. v. Hunter Douglas, Inc.*, 806 F. Supp. 582, 589 (E.D. Va. 1992)).

Plaintiff concedes that his home is near the Alexandria Division in Woodbridge, Virginia, and that the Richmond Division is not his home forum. The nucleus of operative facts is also clearly in the Alexandria Division because Lustine—purportedly where Plaintiff, or someone with his name, applied for financing—is a car dealership located in Woodbridge, Virginia. As such, Plaintiff's choice of forum is a virtually neutral factor.

### C. Convenience of the Parties and Non-Party Witnesses

In assessing this factor, courts generally consider "ease of access to sources of proof, the cost of obtaining the attendance of witnesses, and the availability of compulsory process." *Samsung Elecs. Co. v. Rambus, Inc.*, 386 F. Supp. 2d 708, 717 n.13 (E.D. Va. 2005). Convenience to parties alone will rarely justify transfer, particularly where transfer would merely "'shift the balance of inconvenience' from defendant to plaintiff." *Baylor*, 702 F. Supp. at 1258 (quoting *E. Scientific Mktg. v. Tekna-Seal Corp.*, 696 F. Supp. 173, 180 (E.D. Va. 1988)). However, "it is the 'balance' of convenience which is in question," and courts must determine whether the total convenience of the parties favors transfer. *Medicenters of Am., Inc. v. T & V Realty & Equip. Corp.*, 371 F. Supp. 1180, 1184 (E.D. Va. 1974) (internal citation omitted).

Witness convenience is of "considerable importance" in determining whether a transfer pursuant to section 1404(a) is appropriate. *Samsung*, 386 F. Supp. at 718. Courts, however, draw a distinction between party witnesses and non-party witnesses, giving less weight to inconvenience imposed on party-witnesses. *Lycos, Inc. v. TiVo, Inc.*, 499 F. Supp. 2d 685, 693 (E.D. Va. 2007).

//

1. <u>Non-Party Witness Convenience</u>

"The party asserting witness inconvenience has the burden to proffer, by affidavit or otherwise, sufficient details respecting the witnesses and their potential testimony to enable the court to assess the materiality of evidence and the degree of inconvenience." *comScore, Inc. v. Integral Ad Sci., Inc.*, 924 F. Supp. 2d 677, 688 (E.D. Va. 2013) (quoting *Samsung*, 386 F. Supp. 2d at 718). "Additionally, the moving party must demonstrate 'whether that witness is willing to travel to a foreign jurisdiction.'" *Samsung*, 386 F. Supp. 2d at 719 (quoting *Thayer/Patricof Educ. Funding, LLC v. Pryor Res., Inc.,* 196 F. Supp. 2d 21, 33 (D.D.C. 2002)).

Apple has not shown either a willingness or unwillingness on the part of the non-party witnesses to travel to Alexandria. The Court appears to be farther from Zachary Perry and Heidi Gomez and closer to Capital One Bank N.A.'s ("Capital One") processing office. The credit bureaus are each foreign to this division and their proximity holds little weight because they are large organizations that can travel to either Richmond or Alexandria. Assuming that proximity to a division equates to convenience, this factor would not weigh in favor of either party.

2. <u>Convenience to the Parties.</u>

In assessing this factor, courts generally consider "ease of access to sources of proof, the cost of obtaining the attendance of witnesses, and the availability of compulsory process." *Samsung*, 386 F. Supp. 2d at 717 n.13.

Regarding subpoena power, the parties dispute whether the majority of Plaintiff's non-party witnesses, including non-party Capital One, are located solely in this district and division or within its subpoena power. Capital One is within the subpoena powers of the Alexandria Division. *See Intellectual Ventures I LLC v. Capital One Fin. Corp.*, PWG-14-111, 2014 WL 979198 (D. Md. Mar. 12, 2014) (Maryland district court finding that the Alexandria Division had venue with subpoena power over Capital One employees). The Alexandria Division also has subpoena power over Zachary Perry and Heidi Gomez, as they reside in Woodbridge,

Virginia. The Alexandria Division has subpoena power over the agents of the credit bureaus.[3] As such, the Richmond Division has co-extensive subpoena powers with the Alexandria Division regarding the vast majority of the named non-party witnesses.

The "ease of access" factor weighs in favor of Apple, as the nucleus of operative facts is in Woodbridge, Virginia. The Court's assessment of this factor is tempered by the reality that transportation of documents and electronic discovery have minimized its importance. *See Red Strokes Entm't, Inc. v. Sanderson*, No. 3:12-CV-008, 2012 WL 1514892, at *14 (M.D. Tenn. May 1, 2012). The cost to the rest of the Defendants upon transfer has not been determined with any specificity by either Plaintiff or Apple. The "cost to the parties" factor weighs in favor of Apple because Apple, Lustine, and Plaintiff are closer to Alexandria than Richmond and all of the other defendants are neutral.

In sum, this factor weighs slightly in favor of Apple. However, its weight is not dispositive.

    D.  <u>Interests of Justice</u>

In evaluating whether the interest of justice weighs in favor of transfer, the Court looks to "the public interest factors aimed at systemic integrity and fairness." *Heinz Kettler*, 750 F. Supp. 2d at 669-70 (quoting *Byerson v. Equifax Info. Servs.*, LLC, 467 F. Supp. 2d 627, 635 (E.D. Va. 2006)). "The most prominent elements of systemic integrity are judicial economy and the avoidance of inconsistent judgments." *Id.* Similarly, "[f]airness is assessed by considering factors such as docket congestion, the interest in having local controversies decided at home, knowledge of applicable law, unfairness with burdening forum citizens with jury duty, and interest in

---

[3] Rule 32(a)(3)(B) provides that a deposition may be admitted if the witness is "at a greater distance than 100 miles from the *place of trial*." Fed. R. Civ. P. 32(a)(3)(B) (emphasis added). For purposes of applying the rule the place of trial is the courthouse where the trial takes place. *Tatman v. Collins*, 938 F.2d 509, 511 (4th Cir. 1991). "[T]he rule is intended to protect the convenience of the witness and the parties, and that the limit of convenience is measured by the 100–mile distance." *Id.* The 100 mile travel rule set forth in Rule 45(b)(2) is measured from a person's residence, workplace or place in which he regularly conducts business. The method of measurement is by a straight line rather than the usual "travel route method." *Hill v. Equitable Bank, Nat'l Ass'n,* 115 F.R.D. 184, 186 (D. Del. 1987).

avoiding unnecessary conflicts of law." *Id.*

The interests of justice do not weigh in favor of either party. There is no risk of inconsistent judgments and docket congestion is not a concern in this case. The interest in having local controversies decided at home also does not weigh in favor of transfer because both Divisions are in Virginia. Further, any district court in the Eastern District of Virginia is capable of interpreting the applicable law and there is no unfairness regarding burdening forum citizens with jury duty considering the fact that both divisions are within 200 miles of each other in the Commonwealth of Virginia.

### IV. CONCLUSION

For the above reasons, the Court will GRANT Apple's Motion to Transfer. Many of the 1404(a) factors are neutral.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record. An appropriate Order shall issue.

> _____/s/_____
> James R. Spencer
> Senior U. S. District Judge

ENTERED this ___17th___ day of July 2014.